STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**October 11, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.L.

No. 16-0498 (Monroe County 15-JA-24)

MEMORANDUM DECISION

Petitioners Grandparents C.U. and D.U., by counsel John C. Anderson II, appeal the Circuit Court of Monroe County's April 18, 2015, order terminating their guardianship rights to twelve-year-old A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jeffrey S. Rodgers, filed a response on behalf of the child supporting the circuit court's order.[2] On appeal, petitioners argue that the circuit court erred in terminating their guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2010, the DHHR filed an abuse and neglect petition against A.L.'s mother, R.B., and father, E.L, alleging that E.L. sexually abused A.L. and that R.B. allowed him to have contact with the child despite acknowledging the abuse. R.B. also admitted that she snorts medication and smokes marijuana. Thereafter, the parents stipulated to the abuse and neglect as alleged in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The guardian's response to this Court, which was filed as a summary response pursuant to Rules 10(e) and 11(h) of the Rules of Appellate Procedure, fails to include a section regarding the status of the child. This information is of the utmost importance to this Court. We refer the guardian to Rule 11(j) of the Rules of Appellate Procedure, which requires briefs in abuse and neglect appeals to contain a section on the current status of the children, permanent placement goals, and the current status of the parental rights of all of the children's parents. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

the petition. Subsequently, E.L. voluntarily relinquished his parental rights to A.L. and the circuit court granted legal guardianship of A.L. to petitioners.

Several years later, the DHHR filed a petition for abuse and neglect against petitioners alleging that they allowed A.L to live with and have contact with R.B. despite the fact that the circuit court determined that R.B. was an unfit parent in the prior proceeding. Thereafter, petitioners stipulated to the allegations as alleged in the petition and the circuit court granted petitioners a post-adjudicatory improvement period. After they successfully completed their improvement period, the circuit court returned legal guardianship to petitioners.

In August of 2015, the DHHR filed a second petition against petitioners alleging that they failed to provide A.L. with proper supervision. Specifically, the DHHR asserted that petitioners continued to allow the child to have unsupervised contact with R.B. and live with R.B., who the circuit court previously found to have a drug problem and to be an unfit parent. Thereafter, petitioners waived their right to a preliminary hearing and the DHHR filed an amended petition adding R.B. as a respondent. Following an adjudicatory hearing, the circuit court adjudicated A.L. as a neglected child and granted R.B. a post-adjudicatory improvement period.

In February of 2016, the circuit court held a status hearing during which it heard testimony that R.B. continued to abuse drugs during the improvement period. The following month, the circuit court held a dispositional hearing at which time it heard testimony that petitioners failed to maintain a safe environment for A.L. in that law enforcement were called to petitioners' residence on multiple occasions for issues related to domestic disputes. By order entered April 18, 2016, the circuit court terminated petitioners' guardianship rights to A.L. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioners argue that the circuit court erred in finding that they could not correct the conditions of abuse and neglect. In support thereof, petitioners assert that they were not given the opportunity to correct the conditions of abuse and neglect.

2

Pursuant to West Virginia Code § 49-4-610, "[a] court may grant a respondent an improvement period . . . when the respondent files a written motion . . . and demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" The record is devoid of any evidence that petitioners filed a written motion for an improvement period. It is clear from the record that the circuit court found that petitioners "failed to maintain a safe and suitable home for the child." Despite successfully completing an improvement period in their prior case, petitioners knowingly left the child in the care, control, and custody of R.B., who was deemed to be an unfit parent. Similarly, in the current case, petitioners again left A.L. in R.B.'s custody for extended periods of time. The record also proved that petitioners failed to maintain a safe and suitable home for A.L. in that police officers had to respond to petitioners' residence due to multiple domestic disputes. Based on this evidence, petitioners failed to meet their burden of proof that they were likely to fully participate in an improvement period to correct the conditions of abuse and neglect that have persisted since 2013. Given the circumstances presented in this case, we find no error in the circuit court's order terminating petitioners' guardianship rights to A.L.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 18, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: October 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II